UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY L. WILSON,

       Petitioner,                                Case Number 06-11115-BC
                                                             Honorable David M. Lawson

v.

STATE OF MICHIGAN, SIXTH JUDICIAL
CIRCUIT (Oakland County Circuit Court),
and HONORABLE JUDGE MICHAEL WARREN,

       Respondents.
_____/

**<u>ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS</u>**

      The petitioner, Terry L. Wilson, alleges in a petition for writ of habeas corpus that he is presently confined at Oakland County Sheriff's Trusty Camp, in Auburn Hills, Michigan. He was convicted on his guilty plea of possessing under twenty-five grams of cocaine and sentenced on February 6, 2006 as an habitual fourth offender by an Oakland County, Michigan circuit court judge, who is named as a respondent in the petition. The sentence called for confinement for one year, although the petitioner states that all but five months were suspended. In addition, the state court judge ordered the petitioner to complete an adult treatment program, his driver's license was suspended, and eighteen months probation is to follow. The petitioner did not file a direct appeal in the state court. He alleges in the present petition that his guilty plea was involuntary, his conviction was obtained by an unlawfully coerced confession and evidence obtained in an unlawful search and seizure, his arrest was unlawful, the state prosecutor failed to disclose exculpatory evidence, his right under the Double Jeopardy Clause was violated, and he was denied the effective assistance of counsel. Because the petitioner has not exhausted his state court remedies, the Court

will summarily dismiss the petition.

The petitioner does not articulate the factual circumstances giving rise to his arrest and conviction, although he does set forth a list of various claims, defenses to the offense of conviction, and numerous references to past criminal cases in which he was a defendant. It appears that following his February 2, 2006 sentence, the petitioner filed a motion for relief from judgment on March 12, 2006. The petitioner states that this motion is still pending before the trial court. Despite the pendency of state post-conviction proceedings, the petitioner now seeks relief in this Court by filing a petition for writ of habeas corpus.

The present habeas corpus statute and a long line of decisional authority make plain the requirement that habeas petitioners, such as petitioner Wilson here, must exhaust their remedies in state court by fairly presenting their claims to the state courts before raising them in their habeas corpus petitions. *See* 28 U.S.C. § 2254(b)(1)(A) & (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied*, 532 U.S. 958 (2001). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Since the petitioner's conviction resulted from a guilty plea, he had twenty-one days to file a timely application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. Rule 7.205(A), (B)(4)(d). Apparently he has let that deadline expire, but he has twelve months from the date of his sentence to file a delayed application for leave to appeal; that time limit has not expired. *See* Mich. Ct. Rule 7.205(F)(3). In addition, the Michigan Court Rules provide a process through which a petitioner may raise unexhausted claims and any additional claims. The petitioner can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claims. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he must show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). It appears that the petitioner has availed himself of the provisions of Michigan's post-conviction motion rule, but he has failed to obtain a decision on his motion, and he has not pursued his claim through the Michigan appellate courts.

Since the petitioner has state court remedies available to him, his failure to exhaust those remedies bars the present petition, which will be dismissed. The Court observes that the petitioner has names as respondents the state court judge who presided over the state proceedings and the state circuit court itself. If the petitioner seeks to file a new petition after his state court remedies have been exhausted, the petitioner should be reminded that only his then-current custodian is a proper

respondent in such an action. *See Vasquez v. Reno*, 233 F.3d 688, 690 (1st Cir. 2000) (observing that "Congress has stipulated that a writ of habeas corpus granted by a district court 'shall be directed to the person having custody of the person detained'") (citing 28 U.S.C. § 2243)). Moreover, it is likely that Judge Warren is immune from such suits. "Judges are generally absolutely immune from civil rights suits for money damages." *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997)(citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)). Judicial immunity is abrogated in only two situations:

> First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S. at 11-12 (internal citations omitted). Neither circumstance appears to apply here.

Because the petitioner has failed to exhaust his state court remedies, he cannot proceed in this Court. It appears that the petitioner has state remedies that may yet be pursued. Therefore, the petition is subject to summary dismissal.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

It is further **ORDERED** that the petitioner's application to proceed without prepayment of fees and costs and authorization to withdraw funds from trust fund account is **DENIED** as moot.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated: June 1, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 1, 2006.

s/Tracy A. Jacobs<br>TRACY A. JACOBS